**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.

DANE TORBENSON and JEANNENE L. BRAGG,

    Plaintiffs,

v.

USAA CASUALTY INSURANCE COMPANY,

    Defendant.

---

**NOTICE OF REMOVAL**

---

Defendant USAA Casualty Insurance Company ("USAA CIC"), by its undersigned attorneys, submits this Notice of Removal pursuant to 28 U.S.C. §1332. In support thereof, Defendant states as follows:

**INTRODUCTION**

1. On February 16, 2018, Plaintiffs Dane Torbenson and Jeanne L. Bragg ("Plaintiffs") filed a Complaint against USAA CIC in the District Court of the State of Colorado for Denver County commencing a state court action. That action is captioned *Dane Torbenson and Jeanne L. Bragg v. USAA Casualty Insurance Company*, Case No. 2018 CV 30600. (Exhibit A).

2. The Complaint alleges damages arising from an insurance claim under an insurance policy issued by USAA CIC for hail damage to Plaintiffs' home. (Exhibit A, ¶¶ 9 and 10). Plaintiffs

allege that Defendant improperly denied or delayed payment of insurance benefits under the homeowners' insurance policy. (Exhibit A, ¶¶ 18-19).

3. Plaintiffs assert three claims for relief, including breach of contract, bad faith breach of contract, and violation of C.R.S. §§ 10-3-1115 and 10-3-1116, ("Bad Faith Statute"). (Exhibit A, pp. 3-5). The Complaint contains no claims for relief that raise a federal question.

4. Plaintiffs seek as damages in this action contractual benefits under their insurance policy in the amount of $43,978.68. (Exhibit A, ¶¶13, 18 and 19). Plaintiffs additionally seek extra-contractual damages for bad faith and unreasonable delay or denial of benefits, including statutory damages under C.R.S. § 10-3-1116 totaling two times the covered benefit (or up to another $87,957.36) and reasonable attorney fees and costs. (Exhibit A, ¶¶ 13, 18, 31 and 32.)

5. Plaintiffs served the Complaint on USAA CIC through its registered agent on February 27, 2018. (*See* Exhibit B, Return of Service.)

6. With the Complaint, Plaintiffs also served a Summons and a District Court Civil Cover Sheet indicating that they are seeking a monetary judgment in excess of $100,000. (Exhibit C, Summons; Exhibit D, Civil Cover Sheet.)

## GROUNDS FOR REMOVAL

7. Any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant … to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a),

8. Under 28 U.S.C. § 1332(a)(1), the district courts have original jurisdiction as to "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between … citizens of different States … ."

9. Removal is accomplished by filing a notice of removal stating the grounds for removal, together with a copy of all papers and orders served on defendant, which must be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. 28 U.S.C. § 1446(a), (b)(1).

10. In this case, removal is proper because this is a civil action in which there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. As such, this court has original jurisdiction pursuant to 28 U.S.C. § 1332. Defendant has further complied with the requirements of 28 U.S.C. § 1446.

### Complete Diversity Between the Parties

11. There is complete diversity between the parties in this action.

12. Plaintiff Dane Torbenson is a citizen of the State of Colorado. He lists his current domicile in Denver County, Colorado. (Exhibit A, ¶ 1). Further, Plaintiff Torbenson is registered to vote in Colorado, owns property in Colorado, and has an active Colorado driver's license. (Exhibit E, Registered Voter Information; Exhibit F, Public Record Property Information; Exhibit G, Drivers Record).

13. Plaintiff Jeannene L. Bragg is similarly a citizen of the State of Colorado. She lists her current domicile in Denver County, Colorado. (Exhibit A, ¶ 2). Further, Plaintiff Bragg is registered to vote in Colorado, owns property in Colorado, and has an active Colorado driver's

license. (Exhibit H, Registered Voter Information; Exhibit F, Public Record Property Information; Exhibit I, Drivers Record).

14. Defendant USAA CIC is a citizen of the State of Texas, as it is an entity organized under the laws of the State of Texas and has its principal place of business in San Antonio, Texas. (Exhibit J, Secretary of State Record.) *See also* 28 U.S.C. § 1332(c)(1) (for purposes of diversity, corporation is deemed to be citizen of every state by which it has been incorporated and of the state where it has its principal place of business); *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) (defining place of business); *Guttman v. Khalsa*, 669 F.3d 1101, 1127 n.5 (10th Cir. 2012) (court may take judicial notice "of public records, including district court filings").

## Amount in Controversy

15. The amount in controversy exceeds $75,000. According to their Complaint, Plaintiffs seek at least $43,978.68 in contractual benefits, extra-contractual damages for bad faith breach of contract, and statutory damages of two times the covered benefit, or another $87,957.36, plus attorney fees and costs under C.R.S. § 10-3-1116 (although Defendant disputes Plaintiffs' entitlement to these amounts in this lawsuit). (Exhibit A). Plaintiffs have further expressly indicated in their Civil Cover Sheet (Exhibit D) that they are seeking a monetary judgment in excess of $100,000. *See Paros Prop., LLC v. Colo. Cas. Ins. Co.*, 835 F.3d 1264 (10th Cir. 2016) (civil cover sheet is "other paper" from which amount in controversy may be ascertained).

## Procedural Requirements

16. Defendant's Notice of Removal is timely filed in accordance with 28 U.S.C. § 1446(b). Plaintiffs served the Complaint on Defendant on February 27, 2018 (*see* Exhibit B), and this Notice of Removal is filed within 30 days of that date.

17. Pursuant to 28 U.S.C. § 1446(a), copies of all pleadings and other papers served in this action are attached, including the Complaint (Exhibit A); Return of Service (Exhibit B); Summons (Exhibit C); Civil Case Cover Sheet (Exhibit D); Delay Reduction Order (Exhibit K); Pretrial Order (Exhibit L); Amended Pretrial Order (Exhibit M); Notice of Change of Address (Exhibit N); Defendant's Unopposed Motion for Extension of Time to Respond to Complaint and Proposed Order (Exhibit O); and Order re: Defendant's Unopposed Motion for Extension of Time to Respond to Complaint (Exhibit P).

18. Pursuant to 28 U.S.C. § 1446(d), the undersigned hereby certifies that this Notice of Removal has been filed with the Clerk of the Court for the Denver District Court and served on Plaintiffs' counsel. *See* Exhibit Q, Notice of Filing of Notice of Removal.

19. Pursuant to D.C.COLO.LCIVR 81.1, a copy of the register of actions in the state court action is attached as Exhibit R. There are no pending motions, petitions, or related responses, replies, or briefs in the state court action, and no hearings are scheduled.

20. By filing this Notice of Removal, Defendant does not waive any defense that may be available to it. Defendant has not yet filed an Answer or other response to the Plaintiffs' Complaint in the state court action and will file the same with this Court.[1]

WHEREAS, Defendant USAA CIC requests that the above action now pending against it in the Denver District Court be removed to this Court.

---

[1] The parties stipulated to, and the underlying state court ordered, an extension of time for Defendant to respond to the Complaint through April 3, 2018.

Dated this March 27, 2018.                Respectfully submitted,

*/s/ Tory D. Riter*
_____
Tory D. Riter, Esq.
Nicholas B. Klann, Esq.
Morgan Rider Riter Tsai, P.C.
1512 Larimer Street, Suite 450
Denver, CO 80202
Phone: (303) 623-1832
Fax: (303) 623-1833
Email: triter@morganrider.com
nklann@morganrider.com

*Attorneys for Defendant*
*USAA Casualty Insurance Company*

7

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was duly served this March 27, 2018, to each of the following:

| | | |
|---|---|---|
| David Roth, Esq. | ( ) | via U.S. Mail |
| Andrew Newcomb, Esq. | ( ) | via Hand Delivery |
| Samuel Mitchell, Esq. | (x) | via Electronic Mail |
| Speights and Worrich, LLC | ( ) | via Overnight Mail |
| 116 Inverness Drive East, Suite 270 | (x) | via CM/ECF System |
| Englewood, Colorado 80112 | | |
| *Counsel for Plaintiffs* | | |
| *Dane Torbenson and Jeannene L. Bragg* | | |

*In accordance with C.R.C.P. 121 §1-26(9), a printed copy of this document with original signatures is being maintained by the filing party and will be made available for inspection by the other parties or the court upon request.*

*/s/ Mary J. Pinkerton*
_____