**EXHIBIT A**

| 2nd Judicial District Court<br>Denver County, State of Colorado<br>Court Address:   1437 Bannock Street<br>Denver, CO 80202 | DATE FILED: February 16, 2018 2:03 PM<br>FILING ID: 72C8472211265<br>CASE NUMBER: 2018CV30600 |
|---|---|
| **Plaintiffs:**   Dane Torbenson and Jeannene L. Bragg<br><br>v.<br><br>**Defendant:**   USAA Casualty Insurance Company | ▲   COURT USE ONLY   ▲ |
| **Attorneys for Plaintiffs:**<br>Attorney:    David Roth, #44800<br>Andrew Newcomb, #37032<br>Samuel Mitchell, #51253<br>Address:    Speights and Worrich, LLC<br>116 Inverness Drive East, Suite 270<br>Englewood, CO 80112<br>Phone Num.:  (303) 662-8082<br>FAX Num.:   (303) 662-8083<br>E-Mail:     david@speightsfirm.com<br>andrew@speightsfirm.com<br>sam@speightsfirm.com | Case Number:<br><br>Div.: |
| **COMPLAINT AND JURY DEMAND** ||

COME NOW PLAINTIFFS, Dane Torbenson and Jeannene L. Bragg, by and through their attorneys, Speights and Worrich, LLC, and Complain against the above names Defendant as follows:

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Dane Torbenson is a citizen and domicile of Denver County in the State of Colorado.

2. Plaintiff Jeannene Bragg is a citizen and domicile of Denver County in the State of Colorado.

3. Upon information and belief, Defendant, USAA Casualty Insurance Company is a foreign corporation organized under the laws of Texas, with its principal place of business in Texas, and is authorized to do business in Colorado.

4. This Court has jurisdiction over the subject matter of this action and the parties hereto.

5. Venue is proper in this Court pursuant to C.R.C.P. 98(c)(1).

**GENERAL ALLEGATIONS**

6. USAA Casualty Insurance Company (hereinafter "Defendant") issued Policy Number CIC-00612-01-04-91A (hereinafter the "Policy") to Dane Torbenson and Jeannene Bragg (hereinafter "Plaintiffs") expressly insuring their property and improvements, including their residence, located at 2295 Monaco Parkway, Denver, Colorado 80207 (hereinafter the "Property") on the date of the storm.

7. Plaintiffs' have been and continue to be at all times relevant, current in their payment of premiums to Defendant under the Policy.

8. Plaintiffs' Policy covers, *inter alia*, sudden and accidental, direct, physical loss to the home caused by wind and/or hail.

9. On June 24, 2015, a hailstorm struck Plaintiffs' Property, causing it physical damage and loss.

10. Plaintiffs filed a claim for benefits with Defendant related to damage to their Property caused by this storm, and Defendant issued claim number 006120104-17.

11. Defendant inspected Plaintiffs' Property on or about April 7, 2016, and issued an estimate with a Replacement Cost Value (hereinafter "RCV") of $5,051.46, less Plaintiffs' deductible of $4,410.00 making the net claim payment $517.65.

12. On or about March 8, 2017, Plaintiff's public adjuster Mountain Country Claims Solutions (hereinafter "MCCS") sent Defendant its letter or representation.

13. On or about March 16, 2017, MCCS sent Defendant an estimate for repair with an RCV of $43,978.68 and an Actual Cash Value (hereinafter "ACV") of $34,049.99. Its estimate identified that a full roof replacement was required to repair the damages sustained to the turtle vents, flashing, gutters and downspouts, window screens, insulation and fence.

14. Following receipt of MCCS' estimate, Defendant sent Hancock Claims Consultants (hereinafter "Hancock") to inspect Plaintiffs' Property. Hancock prepared a report dated April 6, 2017, wherein it found evidence of hail strikes to the downspouts on all elevations except the south, but found no direct impact to the shingles on the roof. It found that the potential hail damage that was found by MCCS was not consistent with hail damage.

15. Upon instructions by Defendant, Plaintiffs' hired an engineer to inspect their Property. On May 12, 2017, R.D. Fritz Consulting Engineers (hereinafter "R.D. Fritz") inspected Plaintiffs' Property. In its report dated May 16, 2017, R.D. Fritz

found Plaintiffs' Property to have "experienced significant hail damage." Namely, R.D. Fritz found that the roof had significant hail damage and the two skylights on the patio roof were observed to be severely damaged by hail.

16. This report was forwarded to Defendant and, now in possession of two independent reports, Defendant continued to deny the existence of hail damage to Plaintiffs' Property. On May 24, 2017, Defendant sent an email to MCCS stating that, upon review of the facts and circumstances, Defendant would not alter its initial offer of $517.65.

17. Subsequent to this email, on May 25, 2017, MCCS sent an email to Defendant requesting an explanation as to how R.D. Fritz's report does not support the required repairs to Plaintiffs' Property. The letter indicates "the engineer states in his report that he verified the hail damaged bay window roof which is copper ... [and] to the ridge cap and composition singles."

18. Plaintiffs have provided to Defendant the necessary documentation evidencing their losses and establishing Defendant's obligation to pay for such losses under their Policy, and Defendant continues to refuse to pay Plaintiffs the benefits due and owing under the Policy.

19. As a direct and proximate cause of Defendant's conduct in failing to pay the amounts due and owing under the Policy and in delaying payment of amounts due and owing under the Policy, Plaintiffs have incurred and continue to incur damages.

### FIRST CAUSE OF ACTION
### (Breach of Contract)

20. Plaintiffs incorporate the foregoing paragraphs of this Complaint as if fully set forth herein.

21. The Policy creates a contract of insurance between the parties.

22. By its actions, as described above, Defendant breached the contract of insurance.

23. As a direct and proximate cause of said breach, the Plaintiffs are entitled to damages in an amount to be determined at trial.

### SECOND CLAIM FOR RELIEF
### (Bad Faith Breach of Insurance Contract)

24. Plaintiffs incorporate the foregoing paragraphs of this Complaint as if fully set forth herein.

25. Defendant owed duties to Plaintiffs under the Policy's implied covenant of good faith and fair dealing, wherein it covenanted that it would, in good faith, and in the exercise of fair dealing, deal with Plaintiffs fairly and honestly, faithfully perform its duties of representation, and do nothing to impair, interfere with, hinder or potentially injure Plaintiffs' rights to receive the Policy's benefits.

26. Defendant acted unreasonably and breached its duties of good faith and fair dealing by its actions, which included, without limitation, the following unreasonable acts:

    a. Failing to properly investigate and evaluate Plaintiffs' claims for Policy benefits;
    b. Failing to pay Plaintiffs the full benefits owed under the Policy;
    c. Failing to pay amounts under the Policy in a timely manner;
    d. Failing to effectuate a prompt, fair, and equitable settlement of Plaintiffs' claims;
    e. Failure to give equal consideration to Plaintiffs' rights and interests as it has given its own interests;
    f. Depriving Plaintiffs of the benefits and protections of the contract of insurance;
    g. Compelling Plaintiffs to institute litigation in order to recover amounts due under the policy; and
    h. Other conduct to be revealed through discovery.

### THIRD CAUSE OF ACTION
### (Violation of C.R.S. §10-3-1115 and Relief Pursuant to §10-3-1116)

27. Plaintiffs incorporate the foregoing paragraphs of this Complaint as if fully set forth herein.

28. C.R.S. §10-3-1115 forbids an insurer from unreasonably delaying or denying payment of a claim for benefits owed to or on behalf of a first-party claimant.

29. Plaintiffs are first-party claimants under C.R.S. §10-3-1115, and are members of the class of persons under which the statute was designed to protect.

30. Defendant has improperly denied or delayed resolution of Plaintiffs' claim without a reasonable basis within the meaning of C.R.S. §10-3-1115.

31. C.R.S. §10-3-1116 provides that a first-party claimant whose claim has been unreasonably delayed or denied by an insurer may bring an action in Colorado district court to recover reasonable attorneys' fees and court costs and two times the covered benefit.

32. Because Defendant's actions and conduct as set forth herein violate C.R.S. §10-3-1115, Plaintiffs bring this claim to recover their reasonable attorneys' fees, court costs and, two times the covered benefit, as allowable under C.R.S. §10-3-1116.

WHEREFORE, Plaintiffs Dane Torbenson and Jeannene Bragg respectfully requests that judgment be entered in their favor and against Defendant USAA Casualty Insurance Company as follows:

a) For compensatory damages, both economic and non-economic, in amounts to be proved at trial;
b) For double damages pursuant to statute;
c) For all prejudgment interest, statutory or moratory, and post-judgment interest allowed by law;
d) For reasonable attorneys' fees and costs of suit herein; and
e) For such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury.

Dated this 16th day of February, 2018.

Respectfully Submitted,

/s/ David Roth
David Roth, #44800
Jessica Mauser, #47630
Samuel Mitchell #51253
In accordance with C.R.C.P. 121, §1-26(9), a printed copy of this document with original signatures is being maintained by the filing party and will be made available for inspection by other parties or the Court upon request.